IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EDWARD RENE SANZ**                                                        **PETITIONER**

**V.**                               **CIVIL ACTION NO. 5:06cv173-DCB-MTP**

**CONSTANCE REESE, Warden**                           **RESPONDENT**

MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi when he filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. According to Petitioner's Motion to Expedite Review of Petition [11] and notice of a change of address [12] filed August 27, 2007, he has been transferred to a federal detention center in Miami, Florida.

Background

Petitioner was convicted by the United States District Court for the Southern District of Florida of the offense of conspiracy to import narcotics. Petitioner was sentenced on July 28, 2005 to serve fifty months imprisonment. Petitioner's projected release date is October 16, 2008.

Petitioner is claiming that the Bureau of Prisons ("BOP") erroneously limits Community Corrections Center ("CCC") placement of all inmates to the lesser of ten percent of total sentence or six months. Petitioner is requesting the court to strike as invalid the BOP policy, 29 C.F.R. § 570.21, which limits CCC placement to the lesser of ten percent of total sentence or six months, and to order that he be designated to a halfway house for the last six months of his sentence.

Analysis

Petitioner Sanz seeks to invoke this court's habeas jurisdiction under 28 U.S.C. § 2241. "An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for violation of federal law." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005) (referencing 28 U.S.C. § 2241(c)). Petitioner is not challenging the validity of his conviction or sentence, but rather is challenging the execution of his sentence. *See United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (holding that Tubwell's motion challenging the execution of his sentence was properly construed as a section 2241 habeas petition). Section 2241 conveys the power to a district court to grant a writ of habeas corpus but limits this authority to the court's respective jurisdiction.[1]

As stated above, at the time Petitioner filed the instant habeas petition, he was housed in the Federal Correctional Institution in Yazoo City, Mississippi, which is located in the Southern District of Mississippi. However, since that time he has been transferred to a federal detention center in Miami, Florida, which is not within the jurisdiction of this court. Likewise, Petitioner's present custodian, the Warden of the federal detention center in Miami, Florida, is beyond this court's jurisdiction. "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated."); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) ("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].")); *see also*

---

[1] Title 28 U.S.C. § 2241(a) states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

*Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Since Petitioner is housed in a district where this court does not have the "authority to direct the actions of the restraining authority" this court does not have jurisdiction to address the issue presented by Petitioner as it relates to his current imprisonment. *Lee,* 244 F.3d at 374 (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999))*; see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Consequently, Petitioner Sanz cannot maintain this section 2241 habeas petition in this court, but must pursue such a challenge in the district of his confinement, which is currently the United States District Court for the Southern District of Florida.

## Conclusion

In sum, this court does not have jurisdiction to entertain Petitioner's challenge to his current confinement pursuant to 28 U.S.C. § 2241 because he is not incarcerated, nor is his custodian located, within this judicial district. As such, this petition will be dismissed with prejudice for this court's lack of jurisdiction and without prejudice in all other respects. *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000).

SO ORDERED this the   12th   day of September, 2007.


                                                     s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE